UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID RAMIREZ, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>HMS HOST USA, INC., a Delaware corporation; HOST INTERNATIONAL, INC., a Delaware corporation; TED LOFTIS; and, DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:12-CV-04683 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>**[Re: Docket Nos. 13, 24]** |

Presently before the Court are two motions: a Motion to Remand filed by Plaintiff David Ramirez ("Plaintiff" or "Ramirez"); and a Motion to Dismiss filed by Defendants HMS Host USA, Inc. ("Host USA"), Host International, Inc. ("Host Int'l"), and Ted Loftis ("Loftis") (collectively "Defendants"). For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Remand, and DENIES Defendants' Motion to Dismiss as Moot.

## I. Background

From August 2009 to August 2011 Plaintiff had been employed by Defendants as a non-exempt, hourly paid "chef" at Defendants' location at the San Jose International Airport. Notice of Removal (hereafter "Removal"), Docket Item No. 1, Ex. 1, Complaint (hereinafter, "Compl.") ¶ 31. On July 24, 2012 Plaintiff filed a Complaint in Santa Clara County Superior Court alleging that Defendants violated several sections of the California Labor Code as well as California's Unfair Competition Law (UCL). See generally id. The alleged Labor Code violations included and were not limited to unpaid overtime, unpaid minimum wages, wages not timely paid upon termination, and non-complaint wage statements. Id. Plaintiff brought the Complaint individually and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to California's Private Attorneys General Act ("PAGA"). See Cal. Lab. Code § 2698 et seq.

On September 7, 2012 Defendant removed the action to this Court. The basis of Defendants' removal was twofold: first, that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship; and second, that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On September 14, 2012 Defendants filed a Motion to Dismiss the Complaint. See Docket Item No. 13. On October 5, 2012 Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction. See Docket Item No. 24. Oral argument was scheduled to take place on November 16, 2012; however, the Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.

## II. Legal Standard

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise

2

Case No.: 5:12-CV-04683 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). The removal statute is strictly construed against removal. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### III. Discussion

Defendants contend that removal was proper because there are two alternative bases for the Court's jurisdiction over this cause of action: diversity jurisdiction and jurisdiction under CAFA. Each proposed jurisdictional basis will be analyzed below.

#### A. Diversity Jurisdiction

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. Id. § 1332(c)(1). A natural person (i.e., a human) is a citizen of her state of domicile. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983).

The citizenships of the parties are not contested. Plaintiff Ramirez is an individual domiciled in California and is therefore a California citizen. Compl. ¶ 7. Defendant Host USA and Defendant Host Int'l are both entities incorporated in Delaware and therefore are considered citizens of that state for diversity purposes. Id. ¶¶ 8–9. Defendant Loftis is an individual domiciled in California and is therefore a California citizen. Id. ¶ 10. Because Plaintiff Ramirez and Defendant Loftis are citizens of the same state, Plaintiff argues, complete diversity is lacking.

3
Case No.: 5:12-CV-04683 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

1     Defendants, on the other hand, argue that Loftis's citizenship should be disregarded for the
2  purposes of diversity because his joinder was fraudulent, and he is therefore a "sham defendant"
3  joined only the purposes of defeating diversity. Defendants support this notion by arguing that
4  Loftis cannot be held liable under the California Labor Code and that Plaintiff's allegations against
5  him are conclusory and subject to dismissal.

6     The Ninth Circuit has set forth standards regarding fraudulent joinder and removal. A
7  defendant may remove a civil action that alleges claims against a non-diverse defendant when the
8  plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339
9  (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the
10 failure is obvious according to the settled rules of the state, the joinder of the resident defendant is
11 fraudulent." Id.; Rotchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In such a case,
12 the "fraudulently-joined" defendant is disregarded for diversity jurisdiction purposes and such a
13 defendant is dismissed. Id. There is a heavy burden on the defendant to prove this as "[f]raudulent
14 joinder must be proven by clear and convincing evidence," Hamilton Materials, Inc. v. Dow Chem.
15 Corp., 494 F.3d 1203, 1206 (9th Cir. 2007), and "all disputed questions of fact and all ambiguities
16 in the controlling state law are [to be] resolved in plaintiff's favor." Calero v. Unisys Corp., 271 F.
17 Supp. 2d 1172, 1176 (N.D. Cal. 2003). "If there is a non-fanciful possibility that plaintiff can state
18 a claim under [state] law against the non-diverse defendants the court must remand." Macey v.
19 Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002). As such, Defendants
20 in this case have the burden of establishing that the joinder of Loftis was fraudulent. See Gaus v.
21 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

22    Defendants fail to meet this burden because they cannot show a complete lack of the
23 possibility that Plaintiff may be able to state a claim against Defendant Loftis. Section 558 of the
24 California Labor Code confers liability for violations of the subsequent code provisions on "[a]ny
25 employer or other person acting on behalf of an employer who violates, or causes to be violated, a
26 section of this chapter or any provision regulating hours and days of work in any order of the

Industrial Welfare Commission . . . ." Cal. Lab. Code § 558(a) (emphasis added). Plaintiff indeed alleges that Loftis violated this and other Labor Code provisions; Plaintiff's Complaint defines the term "Defendants" to include Defendant Loftis and thus all the allegations against the "Defendants" are also brought against Defendant Loftis. See Compl. ¶ 13. One example of this is Plaintiff's allegation that he and other class members were required to work while clocked out for meal breaks and beyond the eight-hour shift without being duly compensated the overtime premium as required by California law. Compl ¶¶ 55–59. It is not beyond possibility that Defendant Loftis, as general manager of the HMS Host USA location where Plaintiff was employed, could be held liable under the Labor Code for these alleged violations. As such, Defendant has not shown that Loftis's joinder as a defendant in this action was fraudulent. See Vigil v. HMS Host USA, Inc., No. C 12-02982-SI, at 5–6 (N.D. Cal. Aug. 10, 2012) (finding lack of fraudulent joinder for these reasons in a case involving similar facts and allegations).

Because Defendants have failed to meet their burden of showing lack of complete diversity, this Court lacks diversity jurisdiction.

### B. Class Action Jurisdiction

CAFA expands the diversity-based jurisdiction of federal courts to putative class actions wherein at least one defendant is diverse from at least one plaintiff, the putative class has more than 100 members, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). "[U]nder § 1332(d)(6), the claims of class members are aggregated to determine whether the amount in controversy exceeds $5,000,000." Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006). When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pleaded, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

In the Complaint, Plaintiff specifically pleads for damages for the alleged Labor Code violations as well as attorneys' fees not to exceed $5,000,000. Compl. ¶¶ 1, 93. Therefore, the burden is on Defendants to show "with legal certainty" that CAFA's amount in controversy requirement is in fact met. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met.").

Defendants contend that the actual amount in controversy totals $7,457,777, which would be in excess of the CAFA requirement. In reaching this figure Defendants assume the following: that there are 420 individuals who fall within Plaintiff's proposed class; that the average hourly rate of these individuals is $11.84 per hour; and that the class members worked an average of 2.25 years during the class period. Removal ¶ 30. These and other figures are taken from Declaration of Henry Tanjuatco in Support of Defendants' Notice of Removal to Federal Court ("Tanjuatco Decl."). Below is a summary of Defendants' allegations of the amount in controversy for each claim:

- Damages for the First Cause of Action (unpaid overtime): $872,726. Defendants arrive at this figure by assuming that the 420 proposed class members will claim an average of 1 hour of unpaid overtime per week. Removal ¶ 32. Defendants calculate this figure as follows: 420 class members x $11.84 per hour x 1.5 overtime rate x 1 hour overtime per week x 52 weeks per year x 2.25 years = $872,726.

- Damages for the Third Cause of Action (wages not timely paid upon termination): $664,262. Defendants assume that 232 of the proposed class members were separated from employment during the statutory time period and that the average hourly wage of these employees was $11.93. Id. ¶ 33. Section 203 of the Labor Code provides that former employees shall receive regular daily wages for up to 30 days. Defendants calculate these damages as follows: 232 class members x 8 hours per day x 30 days x $11.93 per hour = $664,262.

6
Case No.: 5:12-CV-04683 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

- Damages for the Fifth Cause of Action (PAGA claims): $2,191,900. Defendants assume that 311 employees were covered by PAGA during the pay period and that these employees worked 11,115 pay periods during the proposed class period. Id. ¶¶ 25, 34. PAGA penalties are $100 for each initial violation and $200 of each subsequent violation. Cal. Lab. Code § 2699(f)(2). As such, Defendants calculate the damages as follows: (311 members x $100) + ((11,115 pay periods − 311 members) x $200) = $2,191,900.

- Damages for the Sixth Cause of Action (violation of the UCL): $3,728,888. Defendants contend that Plaintiff seeks a permanent injunction to permanently "enjoin Defendants from committing future wage and hour infractions." Removal ¶ 35; but see Compl. ¶ 92 (seeking a "permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members"). Defendants value this injunction at the same amount as the sum of the legal damages Plaintiff seeks in the other claims. Accordingly, Defendants calculate the value of the injunction as follows: $872,726 + $664,262 + $2,191,900 = $3,728,888.

Based on these figures, the sum total amount in controversy, Defendants argue, should be: $872,726 + $664,262 + $2,191,900 + $3,728,888 = $7,457,777. This figure would be an excess of the CAFA amount in controversy requirement of $5,000,000.

Notwithstanding these calculations, the Court finds that Defendants have not met their burden of showing "with legal certainty" that the figure they provide is accurate and sufficient to meet the CAFA amount in controversy requirement. See Lowdermilk, 479 F.3d at 1000; Cifuentes v. Red Robin Int'l, Inc., No. C-11-5635-EMC, 2012 WL 693930, at *4 ("Defendant must . . . establish the amount in controversy to a legal certainty that is based on concrete evidence."). As expressed Defendants' calculations require the Court to make assumptions for which they provide no evidentiary support beyond unsupported conclusions made in the Tanjuatco Declaration. For example, Defendants provide no evidence that each proposed class member will claim an average of one unpaid hour per week for the class period. Nor, as another example, do they provide evidence supporting their assumption that 232 of the proposed class members who

7
Case No.: 5:12-CV-04683 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

were separated from their employment worked an average of eight hours per day. Because they rely on unsupported speculation and extrapolation, Defendants have not met their burden of showing the damages to a legal certainty. See Vigil, No. C 12-02982-SI, at 8; Hernandez v. Towne Park, Ltd., No. CV-12-02972-MMM, 2012 WL 2373372, at *8 (C.D. Cal. June 22, 2012).

Furthermore, the Court rejects Defendants' contention that the value of the injunction is equivalent to that of the sought-for legal damages. As the Vigil court noted, the costs associated with future compliance with California's labor laws are incidental costs that are not to be included in an amount in controversy analysis. Id. at 9; Parham v. McDonald's Corp., No. C-11-511-MMC, 2011 WL 2860095, at *1 (N.D. Cal. July 20, 2011) (deeming the costs associated with complying with a requested injunction as "incidental" damages and therefore not part of the amount in controversy calculation); Lopez v. Source Interlink Cos., Inc., No. 2:12-CV-00003-JAM, 2012 WL 1131543, at *5 ("[T]he prospective costs of complying with the injunctive relief requested are incidental to that relief. Incidental costs are not included in the amount in controversy analysis."); see also In re Ford Motor Co., 264 F.3d 952, 958 (9th Cir. 2001) (holding, where injunctive relief sought, that the "amount in controversy is the pecuniary result to either party which the judgment would directly produce"). Therefore, a valuation of the injunctive relief sought by Plaintiff is not includable. This conclusion alone would bring Defendants' proposed amount in controversy well below the $5,000,000 CAFA requirement.

Because Defendants have failed to meet their burden of sufficiently showing that CAFA's amount in controversy requirement has been met, the Court lacks class action subject matter jurisdiction.

**IV.     Motion to Dismiss**

Because the Court finds that it lacks subject matter jurisdiction and remands the case to state court, it will not resolve Defendants' Motion to Dismiss. See Potter v. Hughes, 546 F.3d

8
Case No.: 5:12-CV-04683 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."). The Motion to Dismiss is therefore moot.

## V. Conclusion and Order

Because the Court lacks subject matter jurisdiction to hear this action, the Court GRANTS Plaintiff's Motion to Remand. Defendants' Motion to Dismiss is DENIED as moot.

**IT IS SO ORDERED.**

Dated: November 30, 2012



EDWARD J. DAVILA
United States District Judge